IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,  )<br>             )<br>        Petitioner,  )<br>             )<br>   v.        )<br>             )<br>STEPHEN MAYBERG, Warden,  )<br>             )<br>        Respondent.  )<br>_____ ) | No. C 03-5147 MMC (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; DENYING AS MOOT SECOND APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(Docket Nos. 40, 42) |

On November 21, 2003, petitioner, a civil detainee confined at Atascadero State Hospital pursuant to California Welfare and Institutions Code § 6602, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 1991 state court conviction. On November 8, 2004, respondent's motion to dismiss the petition as untimely was granted, judgment was entered in respondent's favor, and the case was closed. The Court of Appeals thereafter denied petitioner's request for a certificate of appealability. Now before the Court is petitioner's March 1, 2007 motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. Twentieth Century - Fox Film

1   Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).  Motions for reconsideration
2   should not be frequently made or freely granted; they are not a substitute for appeal or a
3   means of attacking some perceived error of the court.  Id.

4         A motion under Rule 60(b) must be made within a "reasonable time," and as to the
5   first three grounds for relief, no later than one year after the judgment was entered.  See Fed.
6   R. Civ. P. 60(b).  As the present motion was made more than two years and three months
7   after entry of judgment, the grounds for relief in subsections (1) through (3) are not available
8   to petitioner.  Additionally, the Court finds the filing of a motion almost two and a half years
9   after judgment, and nine months after the Supreme Court's decision in House v. Bell, 126
10  S.Ct. 2064 (2006), upon which the motion is based, is not within "a reasonable time."

11        Even if the motion were timely, however, petitioner has not presented a basis for
12  reconsideration of the dismissal, as petitioner fails to identify any voiding or satisfaction of
13  the judgment, or any other reason justifying relief.  See Fed. R. Civ. P. 60(b)(4)-(6).  As
14  noted, petitioner argues the judgment should be vacated based on House v. Bell, in which the
15  Supreme Court held a habeas petitioner may avoid a procedural bar based on a showing of
16  "actual innocence" as set forth in Schlup v. Delo, 513 U.S. 298, 316 & n.16 (1995).  See
17  House v. Bell, 126 S.Ct. at 2076-78.  House, however, involved a procedural bar, and did not
18  address untimely petitions or AEDPA's statute of limitations.  More importantly, this Court,
19  in granting respondent's motion to dismiss the petition as untimely, assumed such "actual
20  innocence" exception applied but found petitioner had failed to make the requisite showing.

21        In the instant motion, petitioner points to the same blood test evidence and reiterates
22  the same arguments he presented in his petition and opposition to respondent's motion to
23  dismiss.  For the reasons explained in the Court's order of dismissal, the blood test results
24  were inconclusive and, in the context of the other evidence at trial that included a positive
25  identification of petitioner by the victim, fell far short of establishing his "actual innocence."
26  Petitioner does not explain how the holding in House, in which the conclusive DNA results
27  "called into question" the "central forensic proof" at trial, applies to his case, much less that
28  it compels a different result.  See House, 126 S.Ct. at 2077 (describing Schlup standard as

"demanding" and allowing "review only in the extraordinary case"). To the extent petitioner challenges a perceived error in the Court's analysis and reasoning in denying his "actual innocence" argument and finding the petition untimely, such challenge is properly raised in an appeal, not a motion for reconsideration. See Twentieth Century - Fox Film Corp., 637 F.2d 1341.

Lastly, petitioner's recent application to proceed in forma pauperis is hereby DENIED as moot; petitioner was granted leave to proceed in forma pauperis at the commencement of the instant action.

This order terminates Docket Nos. 40 and 42.

IT IS SO ORDERED.

DATED: April 27, 2007

_____
MAXINE M. CHESNEY
United States District Judge

3