IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS, ) | No. C 03-5147 MMC (PR) |
| Petitioner, ) | **ORDER DENYING PETITIONER'S SECOND MOTION FOR RECONSIDERATION** |
| v. ) | |
| STEPHEN MAYBERG, Warden, ) | **(Docket No. 52)** |
| Respondent. ) | |
| _____ ) | |

On November 21, 2003, petitioner, a civil detainee confined at Atascadero State Hospital pursuant to California Welfare and Institutions Code § 6602, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 1991 state court conviction. On November 8, 2004, respondent's motion to dismiss the petition as untimely was granted, judgment was entered in respondent's favor, and the case was closed. The Ninth Circuit Court of Appeals thereafter denied petitioner's request for a certificate of appealability. Subsequently, petitioner filed a motion for reconsideration in this court, which motion was denied on April 27, 2007. Thereafter, the Court denied petitioner's request for a certificate of appealability to appeal denial of the motion for reconsideration. The Court of Appeals also denied petitioner's request for a certificate of appealability with respect to the denial. Now pending before the Court is petitioner's second motion for reconsideration, filed October 15, 2009, of the Court's order dismissing the petition as untimely.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that

by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. Id.

A motion under Rule 60(b) must be made within a "reasonable time," and as to the first three grounds for relief, no later than one year after the judgment was entered. See Fed. R. Civ. P. 60(b). As the present motion was made approximately five years after entry of judgment, the grounds for relief in subsections (1) through (3) are not available to petitioner. Additionally, the Court finds the filing of a motion almost five years after judgment, in which motion no new grounds for relief are presented, is not within "a reasonable time."

Even if the motion were timely, however, petitioner has not presented a basis for reconsideration of the dismissal, as petitioner fails to identify any voiding or satisfaction of the judgment, or any other reason justifying relief. See Fed. R. Civ. P. 60(b)(4)-(6). In particular, petitioner argues the Court should grant reconsideration and review the merits of petitioner's federal habeas corpus petition because the Court erred by applying a "per se rule," rather than evaluating the specific circumstances of petitioner's case, to reject the contention in petitioner's prior motion for reconsideration that he was actually innocent of the charges against him and, therefore, entitled to have his untimely petition reviewed on the merits. (Mot. Recons. at 3:11-13.)

The motion for reconsideration will be denied. Contrary to petitioner's assertion, the Court addressed in detail, in both the order granting the motion to dismiss the petition as untimely and the order denying the motion for reconsideration, petitioner's argument that his actual innocence of the charges against him required the Court to address the merits of the untimely habeas petition. (See Order Granting Mot. Dismiss, filed Nov. 3, 2004, at 3:16-5:15; Order Denying Mot. Recons., filed Apr. 27, 2007, at 2:11-3:15.)

Additionally, and conclusively for purposes of the instant motion for reconsideration, the Ninth Circuit has recently made clear that there is no actual innocence exception to the one-year statute of limitations for filing an original petition for habeas corpus relief. See Lampert v. Lee, No. 09-35276, 2010 WL 2652505, at *8 (9th Cir. July 6, 2010).

For the foregoing reasons, the motion for reconsideration is hereby DENIED.

This order terminates Docket No. 52.

IT IS SO ORDERED.

DATED: August 3, 2010

_____
MAXINE M. CHESNEY
United States District Judge