UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>STEPHEN W. MAYBERG, et al.,<br><br>　　　　Respondent. | Case No. 03-cv-05147-MMC<br><br>**ORDER DENYING PETITIONER'S THIRD MOTION FOR RECONSIDERATION; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Doc. Nos. 71, 72 |

On November 21, 2003, petitioner, a civil detainee confined at Atascadero State Hospital pursuant to California Welfare and Institutions Code § 6602, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 1991 state court conviction. On November 8, 2004, respondent's motion to dismiss the petition as untimely was granted, judgment was entered in respondent's favor, and the case was closed. This Court and the Ninth Circuit Court of Appeals thereafter denied petitioner's request for a certificate of appealability.

Subsequently, petitioner filed in district court, a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which was denied on April 27, 2007, after which ruling petitioner filed a request for a certificate of appealability, which was denied by both this Court and the Court of Appeals.

Petitioner next filed a second motion for reconsideration pursuant to Rule 60(b), which motion was denied on August 3, 2010, after which both this Court and the Court of Appeals again denied petitioner's request for a certificate of appealability.

Now pending before the Court is petitioner's third motion for reconsideration of the Court's 2004 order dismissing the petition as untimely. The instant motion was filed October 6, 2017, and seeks relief pursuant to Rule 60(d)(1).

Petitioner's reliance on Rule 60(d)(1) is misplaced. Rule 60(d)(1) provides that Rule 60 "does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). Petitioner, however, does not seek to file an independent action; rather he seeks relief from a prior order issued in the same action he filed almost fourteen years ago.

Moreover, to the extent petitioner may be seeking leave to file an independent action, it would be a second or successive petition pursuant to 28 U.S.C. § 2244(b)(2), and the Ninth Circuit has denied petitioner's request to file a second or successive petition. (See Doc. No. 57 (Order of USCA, filed Aug. 11, 2010).) To the extent petitioner may be seeking relief pursuant to Rule 60(b), he has not, as previously discussed by the Court in ruling on the prior motions for reconsideration, presented a basis for reconsideration of the dismissal. (See Order Den. Mot. for Recons., filed Apr. 27, 2007, at 2:11-3:5; Order Den. Pet'r's Second Mot. for Recons., filed Aug. 3, 2010, at 2:23-3:4.)

In connection with his motion for reconsideration, petitioner also has filed a motion for appointment of counsel. The Sixth Amendment right to counsel does not apply in habeas actions, see Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986), but, pursuant to statute, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require," see 18 U.S.C. § 3006A(a)(2)(B), and such person is "financially unable to obtain adequate representation," see id. § 3006A(a). Here, petitioner's claims have been adequately presented in the petition and in his recent filings, and there is nothing before the Court to suggest the interests of justice otherwise require the appointment of counsel.

Accordingly, petitioner's third motion for reconsideration and motion for appointment of counsel are, in each instance, hereby DENIED.

Lastly, as petitioner has not shown "that jurists of reason would find it debatable" whether the Court was correct in its ruling, see Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is hereby DENIED.

**IT IS SO ORDERED.**

Dated: October 24, 2017

MAXINE M. CHESNEY
United States District Judge